IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DEMARCUS KENARD JOE,** § <br> **TDCJ No. 01047716,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **TRACI WHITE,** *et al.*, § <br> § <br> Defendants. § | | Civil Action No. 7:19-cv-00092-M-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a civil rights complaint filed by Plaintiff Demarcus Kenard Joe, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. (ECF No. 1). Plaintiff claims that prison officials lied in connection with four checks or money orders that he received from his inmate trust account. (*See* ECF No. 1 at 3-4).

Review of the record reflects that Plaintiff did not pay the Court's filing fee and that he has not filed a motion for leave to proceed *in forma pauperis*. Review of Plaintiff's litigation history reflects that he is barred from proceeding *in forma pauperis* under the provisions of the Prison Litigation Reform Act of 1995.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Review of Plaintiff's litigation history reveals that he has filed at least three previous federal civil actions that have been dismissed as frivolous. *See Joe v. Fitzsimmons*, No. 3:16-cv-00303-B, severed from 3:15-cv-03303-B-BN, 2015 WL 9906188 (N.D. Tex. Dec. 8, 2015), *rec. accepted*, 2016 WL 279101 (N.D. Tex. Jan. 21, 2016) (severed case dismissed on February 3, 2016 as legally frivolous - no appeal); *Joe v. Texas*, No. 3:18-cv-00009-G-BH, 2018 WL 1009258 (N.D. Tex. Jan. 22, 2018), *rec. accepted*, 2018 WL 949230 (N.D. Tex. Feb. 16, 2018) (dismissed on February 16, 2018 as frivolous and for failure to state a claim – no appeal); and *Joe v. Richardson*, No. 3:18-cv-1366-N-BN, 2018 WL 5259656 (N.D. Tex. Sept. 17, 2018), *rec. accepted*, 2018 WL 5258576 (N.D. Tex. Oct. 22, 2018) (dismissed on October 22, 2018 as malicious under 28 U.S.C. § 1915A(b)(1) and counted as Plaintiff's third "strike" or "prior occasion" under § 1915(g)). Review of the complaint filed in the instant case reflects that Plaintiff has failed to present any allegation that could establish he is under imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis*, and any such motion would be denied. If he wishes to pursue the instant claims, Plaintiff must pay the $400.00 filing and administrative fees.

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief Judge Barbara M.G. Lynn **DISMISS** this case as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of Chief Judge Lynn's order.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed September 13, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE